Dear Mr. Speed:
We are in receipt of your inquiry regarding the Town of Roseland's obligation to purchase service time for an elected chief of police in the Louisiana Municipal Police Employees' Retirement System (MPRS). From the facts stated in your letter, the individual in question was employed as a Roseland municipal police officer from March 1, 1980 until February 28, 1982. He was elected as the Roseland police chief and has served the town in that capacity from July 1, 1984 until the present.
The Town of Roseland elected to offer its municipal police officers retirement benefits through MPRS (and the chief became a member of the system) on September 1, 1987. Prior to September 1, 1987, the Town of Roseland did not participate in any other state or local retirement system, except for the payment of social security taxes. Social security taxes were withheld from the chief's salary up until September 1, 1987.
The chief has been approved by MPRS to purchase five years of retirement for the years he worked prior to September 1, 1987. The legal questions you have posed are requested below:
 1. Was the Town of Roseland required to offer its police officers membership in MPRS prior to September 1, 1987?
 2. If the Town of Roseland was required to offer its police officers membership in MPRS prior to September 1, 1987, what responsibility does the Town of Roseland have to pay any portion of the funds needed to purchase the additional five (5) years of service sought by Warren T. Cutrer? *Page 2 
 3. If the Town of Roseland has any responsibility for the payment of any portion of the funds needed to purchase the additional five (5) years of service sought by Warran T. Cutrer, is this liability subject to any liberative prescriptive period?
 4. Do Louisiana Revised Statute 11:157 and/or Louisiana Revised Statute 11:2213 et seq. relate to this current situation between the Town of Roseland and Chief of Police Cutrer and, if so, how?
As of July 1, 1973, the Louisiana legislature established the MPERS. See former R.S. 33:2371, et seq., now redesignated as R.S. 11:2211, et seq. Pursuant to R.S. 2214(A)(1) any person who becomes an employee as defined in R.S. 11:2213 on and after September 9, 1977 "shall become a member as a condition of his employment, provided he is under fifty years of age at the date of employment." An employee is defined in R.S. 11:2213(11), in pertinent part, as:
 (11) "Employee" shall mean any of the following classifications:
 (a)(i) Any full-time police officer, empowered to make arrests.
 (ii) Any full-time police officer, decommissioned due to illness or injury, employed by a municipality of the state of Louisiana, and engaged in law enforcement.
 (iii) Any person in a position as defined in the municipal fire and police civil service system who is employed on a full-time basis by a police department of any municipality of this state, who is under the direction of a chief of police, and who is paid from the budget of the applicable police department.
 (iv) Any person listed in this Subparagraph shall only be defined as an employee if he is earning at least three hundred seventy-five dollars per month excluding state supplemental pay.
 (b) Any elected chief of police whose salary is at least one hundred dollars per month.
 * * *
 (e) Any full-time employee of this system.
 (f) Employee shall not mean a city or ward marshal or deputy marshal, nor shall this term be construed to include any elected councilman or mayor of any city. *Page 3 
A person falling within the definition of "employee" is mandated to be enrolled by the MPRS unless the municipality on or before January 1, 1978 enacted an ordinance exempting the municipality from the provisions.
An employee who is employed by a municipality which has employees covered under the federal Social Security program may elect to not become a member of MPRS. R.S. 11:157(C)(1) states:
 C. (1) Any member who elects not to become a member of either retirement system set forth in Subsection A of this Section shall, before such election can become valid, execute and file with the retirement system an affidavit stating that his election not to be a member is of his own free will and is his own voluntary act and deed.
In Attorney General Opinion 02-0212 this office determined that the Town of Homer was legally obligated to pay its percentage of past contributions to MPRS on behalf of an employee of the Homer Police Department. The employee was hired by the town in January of 1995, however, he was not enrolled in MPRS and consequently no contributions were made to the system. Rather, the Town paid into the Social Security Administration on behalf of the employee. The author of that opinion concluded:
 Membership in the Municipal Police Employees' Retirement System is mandatory for full time police officers who are empowered to make arrests and who are under fifty years of age at the date of employment. See La. R.S. 11:2213 and 2214. It is our understanding that this employee met the conditions for enrollment in the system at the time he was hired in January of 1995. The Town of Homer should have placed this employee into the system upon his employment with the police department in 1995. Enrollment was mandatory; thus, the Town of Homer is legally obligated to pay its percentage of past contributions.
Further, in Attorney General Opinion 80-83 this office was asked whether it was the obligation of the local school system to pay the employer's contribution plus interest for the purchase of prior service credit for employees who should have been members of the retirement system but were not properly enrolled. The author stated:
 In these type situations the retirement system has no way of knowing a person is employed until he is enrolled into the retirement system. The proper part to initiate the enrollment is the employer because it is a condition of employment that all new eligible employees become members of the retirement system. If the eligible employees were properly enrolled by their employer when they first became eligible (and a condition of employment) the employer would have paid the proper employer contributions. *Page 4 
 Therefore, it is the opinion of this office that when a member wishes to purchase prior service credit for the period of time that he should have been a member of the system as a condition of employment but was not a member because the employer, i.e., local school system, did not enroll him, the employer is obligated to pay the employer's contribution to the retirement system. It is also our opinion that the employer should pay any applicable interest on the employer's contributions because the failure of the employer to enroll the employee was the cause for the interest to accrue. If the employer had made the proper enrollment, no interest would be due.
The facts as presented reflect that the Town of Roseland did not pass an ordinance exempting the municipality from the MPRS provisions. Thus, subsequent to January 1, 1978 it became the obligation of the town to enroll eligible employees in the MPRS. The chief should have been enrolled by his employer in MPRS on the date of his initial employment, March 1, 1980. It is the opinion of this office that the Town of Roseland must pay the employer's contribution to the retirement system for this member purchasing past service credit for the period of time that he should have been a member of the system and was not enrolled.
In response to your third question, R.S. 11:157 permits an employee to choose not to be a member of MPRS. You state that the chief never executed an affidavit voluntarily exempting himself from the MPRS, thus, he is not made exempt from the provisions of the law governing MPRS.
The fourth question concerning whether the facts at hand are subject to any claim of liberative prescription is a fact-sensitive one which is more properly determined by the administrative body charged with administering the MPRS. We suggest you contact the Board of Trustees for the Municipal Police Employees' Retirement System as that entity is charged by R.S. 11:2225 with the general administration and responsibility for the proper operation of the retirement system. We also suggest that the Town should contact the Social Security Administration to determine what consideration is to be given to the social security benefits paid on behalf of the chief.
Very truly yours,
 CHARLES C. FOTI, JR. Attorney General
 BY: _________________________________ KERRY L. KILPATRICK Assistant Attorney General